IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:23-cr-52 |
| | ) | |
| KRISTIANA MUNRO TWEED-MCCORD, | ) | |
| A/K/A CHRISTOPHER MICHAEL TWEED | ) | |
| | ) | |
| Defendant. | ) | |

## SENTENCING POSITION OF THE UNITED STATES

The United States by and through counsel, Assistant United States Attorney Devon E.A. Heath, files this Position on Sentencing and hereby represents that it has reviewed the Probation Office's Pre-Sentence Report ("PSR") and that it does not dispute any of the factors or facts set out herein. The conduct for which this defendant engaged in resulted in a guideline provision of imprisonment for Life. For the reasons set forth *infra*, the United States respectfully recommends a sentence of 240 months (20 years), and supervision for Life.

**Statutory Considerations**

The defendant pled guilty on November 21, 2023, to Count One, of a five-count Superseding Indictment, Coercion and Enticement of a Child, in violation of 18 U.S.C. §2422(b) The minimum mandatory sentence for Count One is ten (10) years in prison and the maximum penalty is Life. The Court may sentence the defendant to any term of imprisonment not less than 10 years up to Life.

**Impact of the Plea Agreement**

The parties entered into a plea agreement and the United States acknowledges the

1

defendant's acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels pursuant to USSG § 3E1.1(a). Additionally, because the defendant's timely notification of the defendant's intention to enter a plea of guilty, permitted the United States to avoid preparing for trial and permitted the United States and the court to allocate their resources efficiently, the United States filed a motion for an additional point reduction under USSG § 3E1.1(b).

**Sentencing Guidelines Calculation**

The United States Probation Department prepared a PSR which detailed the offense of conviction and the characteristics of the defendant. In calculating the offense level for the defendant, the probation office assigned a base offense level of 28 under U.S.S.G. § 2G1.3(a)(3). Additional enhancements were calculated as follows: A two-level enhancement was applied under U.S.S.G. § 2G1.3(b)(2)(B); A two-level enhancement was applied under U.S.S.G. § 2G1.3(b)(3)(A); A two-level enhancement was applied under U.S.S.G. § 2G1.2(b)(4)(A); A two-level enhancement was applied under U.S.S.G. § 2G1.2(b)(4(A); and an eight-level enhancement was applied under U.S.S.G. § 2G1.3(b)(5). A Chapter Four enhancement was applied as the defendant is a repeat and dangerous sex offender against minors therefore the offense level shall be five (5) plus the offense level determined under Chapters Two and Three, pursuant to U.S.S.G. § 4B1.5(b)(1). Applying the three-level reduction addressed above, the defendant's total offense level is 43.

The probation officer also calculated a criminal history level for the defendant. In assigning points to the prior convictions, the defendant received the following: Aggravated Sexual Battery: Victim Less than 13 Years (0); and Sexual Battery (0). According to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of zero (0) establishes a criminal history category of I. The defendant is a repeat and dangerous sex offender against minors; therefore, the

criminal history category shall be the criminal history category determined under Chapter Four, Part A, which in this case is category I, U.S.S.G. § 4B1.5(b)(2).

As a criminal history category I defendant with an offense level of 43, the defendant's sentencing guidelines range is Life.

**Statutory Sentencing Factors under 18 U.S.C. § 3553(a)**

As outlined *supra*, the appropriate sentencing range is Life. The United States will now address the statutory factors that support its request for a sentence of 240 months imprisonment and supervision for Life.

A.      Nature of the Offense

This case came to the attention of authorities when the mother of the victim, Jane Doe, contacted them after locating inappropriate sexual messages on a tablet belonging to Jane Doe. The mother reported that Jane Doe encountered the defendant at a holiday party where they exchanged contact information. The defendant had previously dated Jane Doe's older sibling and the mother was worried the defendant was trying to get close again with Jane Doe's sibling, and when she went to delete the defendant's contact information that is when she observed the sexually explicit messages from the defendant to Jane Doe. At the time of these messages from the defendant, Jane Doe was 11 years old. A consent to examine the tablet was given and confirmed that the defendant had sent sexually explicit messages to Jane Doe and a picture of the defendant's penis. The defendant admitted to initiating sexual conversations with Jane Doe and sending a picture of the defendant's penis to Jane Doe. The defendant was 25 years old at the time of this conduct.

The nature of the defendant's offense is notable and when considered in light of the specific facts agreed upon – as reproduced in the PSR (¶¶ 11 – 13) – the nature of the offense should weigh heavily upon the Court's consideration.

B.      History and Characteristics of the Defendant

The defendant was born Christopher Michael Tweed in 1997, to Edward James Tweed and Jennifer Lynn Golden and is 26 years old. At nine months old the defendant was removed from the custody of the biological parents due to unhealthy living conditions, abandonment, and neglect. The defendant was adopted by Edward's adopted parents, William and Shirley Tweed and raised in middle class socioeconomic conditions, with the help of the defendant's aunt. The defendant's adopted parents passed in 2008 and 2021 from health conditions. In 2019 the defendant legally changed names to Kristina Munro Tweed-McCord. (PSR pg. 2 & ¶¶ 46, 47).

The defendant reported abuse and trauma at the hands of many individuals involved in the defendant's life from a very young age. This includes incidents of emotional, physical, and sexual abuse. The defendant reported, while being born male, identifying as female as young as five years old and began the transgender transition around 2016. (PSR ¶¶ 48 – 51).

One of the troubling parts of the defendant's History and Characteristics is past sexual assaults on minors and other victims. As reflected in the PSR (¶¶ 36, 61, 62, and 63), the conduct that the defendant continues to repeat is horrific. The United States is not ignoring what was also inflicted on the defendant as a child, but one cannot turn a blind eye to the repeat conduct and young age of the defendant.

The defendant's criminal history is laid out *supra*.

C.      Need for Just Punishment

The defendant's reckless and repetitive conduct has caused harm to children, some of the most vulnerable individuals in our society, time and time again. This is concerning to the United States. Children are meant to be protected, not victimized. While the defendant's history of sexual abuse can be met with sympathy, this behavior remains unacceptable. But what specifically triggers this sentencing factor is the victimization of the most vulnerable. The intentional choice

4

to be a destructive force in a child's life, warrants just punishment.

D.      Deterrence

The two types of deterrence at issue are general and specific. On the issue of general deterrence, the public must have confidence that the conduct of the defendant is treated with the utmost seriousness. The public must look at the actions of the defendant; continuous and undeterred victimization of children and know that such conduct commands a significant punishment. The value of a safe childhood and protecting the children of our community is expressed in the sentence assigned to the defendant. Those inclined to consider committing crimes like those of the defendant must be made to pause in thinking about the consequences that follow.

As for specific deterrence, this is not the first time or the second time this defendant has been before a court in regard to a sexual offense against a minor. This is the third time this defendant has been before a court for a sexual offense against a minor and according to a report authored in 2014 the defendant revealed there were other instances of sexual offenses that may not have been charged. The United States has serious concern regarding the specific deterrence of this defendant as the behavior remains unchanged. This is *very* concerning to the United States not only for deterrence but for the safety of society.

Past sexual abuse and untreated mental health can shine light on why the defendant continues to engage in undeterred behavior that victimizes children, but it remains unacceptable behavior. Treatment thus far has either not worked or not been enough. The defendant should obtain proper treatment while serving an appropriate term of incarceration. Hopefully this term of incarceration will deter this individual from future similar conduct while getting the proper treatment.

E.     Need to Protect Society

The United States certainly has concerns regarding this defendant's lack of ability to control impulses and conduct, and the harm this lack of control does to some of the most vulnerable. Society, particularly our children, need to be protected from this conduct and can be ensured that this conduct will not happen again at the hands of this defendant while incarcerated. The defendant preyed on children, time and time again; children have a need to be protected from behavior like this.

F.     Avoiding Sentencing Disparities

There are no co-defendants or other sentences that warrant consideration in this case.

### Conclusion

The United States respectfully request that this Honorable Court sentence the defendant to a term of imprisonment of 240 months and supervision for Life. The United States submits that such a sentence is sufficient but not greater than necessary to comply with the purposes of sentencing pursuant to Title 18, U.S.C. § 3553(a).

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:     /s/
Devon E.A. Heath
Assistant United States Attorney
Virginia State Bar No. 83590
Attorney for the United States
United States Attorney's Office
One City Center
11815 Fountain Lakes Way, Suite 200
Newport News, Virginia 23606
(757) 591-4000 Office
(757) 591-0866 Fax
Devon.heath@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 23rd day of April 2024, I electronically filed the foregoing

with the Clerk of Courts using the CM/ECF system, which will send notification of such filing

(NEF) to the following:

Kirsten R. Kmet, Esq
500 East Main Street, Suite 500
Norfolk, Virginia 23510
E-mail: Kirstin_Kmet@fd.org

And I hereby certify that I have e-mailed the document to the following non-filing user:

Nicole Pender
United States Probation Officer
Walter E. Hoffman United States Courthouse
600 Granby Street, Suite 200
Norfolk, Virginia

        /s/        .
Devon E.A. Heath
Assistant United States Attorney
Virginia State Bar No. 83590
Attorney for the United States
United States Attorney's Office
One City Center
11815 Fountain Lakes Way, Suite 200
Newport News, Virginia 23606
(757) 591-4000 Office
(757) 591-0866 Fax
Devon.heath@usdoj.gov
